**Opinion filed April 4, 2024**



In The

# Eleventh Court of Appeals

_____

## No. 11-22-00335-CR

_____

## MARVA DENAY NEAL, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 244th District Court**
**Ector County, Texas**
**Trial Court Cause No. C-22-0653-CR**

## M E M O R A N D U M   O P I N I O N

Appellant, Marva Denay Neal, was convicted of possession of methamphetamine, a controlled substance, in an amount of four grams or more but less than two-hundred grams, a second-degree felony. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.102(6), 481.115(d) (West Supp. 2023). Appellant pled "true" to the enhancement allegation, and the jury assessed Appellant's punishment at twenty

years' imprisonment in the Institutional Division of the Texas Department of Criminal Justice and a $1,000 fine.  *See* TEX. PENAL CODE ANN. § 12.42(b) (West 2019).

At the guilt/innocence phase of trial, the State called three witnesses: two police officers who stopped and searched Appellant, and the drug analyst who confirmed the substance found on Appellant was methamphetamine.  The jury saw the officers' body-cam footage showing Appellant admitting to the searching officer that she had a "baggie containing a clear crystal-like substance" hidden in her bra.  The methamphetamine found on Appellant was introduced at trial, along with the lab report.

The jury found Appellant guilty, and the State introduced thirty-one exhibits during the punishment phase and called four witnesses.  Appellant had at least four felony convictions for which she served time in prison.  Law enforcement witnesses testified that Appellant was stopped and ultimately arrested on June 22, 2022, while the instant drug case was pending, with what was later confirmed through lab testing to be methamphetamine.  Appellant was also in possession of "about [twenty-one] debit and credit cards, some social security cards," and other identification not belonging to Appellant or her vehicle passengers.  After finding a hotel room key in Appellant's vehicle, police searched her hotel room pursuant to a search warrant and found suspected Fentanyl, and a ledger of drug sales.

Appellant's court-appointed counsel has filed a motion to withdraw in this court.  The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and concludes that there are no arguable issues to present on appeal.  Counsel provided Appellant with a copy of the brief, a copy of the motion to withdraw, an explanatory letter, and a copy of both the clerk's record and the reporter's record.  Counsel also advised Appellant of her

right to review the record and file a response to counsel's brief, and of her right to file a petition for discretionary review. *See* TEX. R. APP. P. 68. Therefore, court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991).

Appellant filed pro se responses to counsel's *Anders* brief asserting, from what we can construe, ineffective assistance of counsel.[1] In addressing an *Anders* brief and a pro se response, a court of appeals may only determine: (1) that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error; or (2) that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues. *Schulman*, 252 S.W.3d at 409; *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we agree with counsel that the appeal is without merit. The record shows that trial counsel visited Appellant while she was confined in jail awaiting trial, filed a pretrial motion in limine, conducted a pretrial investigation, and conferred with Appellant regarding trial strategy. Counsel likewise cross-examined each witness, and objected to the State's evidence. We

---

[1]Appellant claims that her trial counsel's "misrepresentation" warrants a new trial. Although we liberally construe briefs in the interest of justice, we cannot discern Appellant's specific arguments, and will not brief her case for her. *See Lagrone v. State*, 942 S.W.2d 602, 614 (Tex. Crim. App. 1997), *cert. denied*, 522 U.S. 917 (1997) ("Without substantive argument or supporting authorities, we cannot adequately evaluate appellant's ineffective assistance claim."); *Heiselbetz v. State*, 906 S.W.2d 500, 512 (Tex. Crim. App. 1995) ("Appellant cites no authority in support of his proposition, nor does he provide any argument beyond his conclusory assertion."); *Edmondson v. State*, 399 S.W.3d 607, 612 (Tex. App.—Eastland 2013, no pet.) (finding that the appellant waived his complaint because he failed "to show that the record and the law support[ed] his argument").

further observe that the record did not reveal any illegality regarding the stop and search of Appellant. Based upon our review of the record, we agree with counsel that no arguable grounds for appeal exist.[2]

Accordingly, we grant counsel's motion to withdraw, and we affirm the judgment of the trial court.

W. BRUCE WILLIAMS
JUSTICE

April 4, 2024

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

---

[2]We note that Appellant has the right to file a petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate Procedure.